## DAY, Plaintiff, v. INDUSTRIAL COMMISSION OF OHIO, Defendant.

Common Pleas Court, Butler County.

No. 66135.   Decided June 25, 1951.

Casper & Casper, for plaintiff.

C. William O'Neill, Atty. Genl., Columbus. for defendant, Industrial Commission of Ohio.

## OPINION

By CRAMER, J.

This cause is before this court on appeal from an order of The Industrial Commission of Ohio denying plaintiff's claim for death benefits under the Workmen's Compensation Law of Ohio, arising out of the death of his wife.

The same was heard by the court, without the intervention

of a jury, upon the pleadings, re-hearing transcript, and memoranda of counsel.

The facts, about which there is little if any dispute, are substantially as follows:

The decedent, Nancy B. Day, had been for quite a number of years prior to her death, which took place on July 15, 1948, an employee of the P. Lorillard Company. Said decedent for four or five years prior to her death was the duly elected stewardess with the Local C. I. O. Labor Union at her employer's plant. As such stewardess, among her duties was that of entertaining and settling grievances. A dispute arose between the girls in several of the departments and at the request of management the decedent called a grievance committee meeting for July 15, 1948. The meeting was called for and held during regular working hours and on the premises of the employer. During this meeting it appears that the decedent, who apparently for quite some time prior thereto, was in good health, got excited and engaged in a discussion which placed her under a very high nervous tension. She was described by one who was in attendance at the meeting as becoming angry and "her temper rose and she was flushed in the face." This witness also testified as follows: "I had seen Mrs. Day excited before but not so much as she was at that meeting." He also stated that during this meeting the decedent became nervous and seemed "to lose temporary control like a person who would become dazed in some manner, something happened physically, but she got her composure immediately. I know she sat down and more or less dropped. She didn't sit as we did."

The decedent collapsed and was carried from the fourth floor down to the second floor to the first aid. She regained consciouness while on the elevator. Her collapse took place less than an hour after the meeting was concluded and after complaining of pains in her head. She became unconscious, then regained consciousness and died about an hour after again losing consciousness.

The death certificate recited the following:

"Disease or condition directly
leading to death            Cerebral hemorrhage & heart
                                 failure
Antecedent causes due to       Hypertension & myocarditis"

The pleadings and the evidence here raise for determination the question whether plaintiff's decedent suffered an accidental injury in the course of and arising out of her employment which resulted in her death.

Since it seems to be undisputed in the evidence that the

cause of decedent's death was cerebral hemorrhage and heart failure, the question is probably narrowed to whether the experience which it is claimed she underwent at the plant of her employer at the meeting aforesaid, preceding her death, proximately caused the cerebral hemorrhage. If it did, and it constituted an accidental injury, as that term has been defined, sustained in the course of and arising out of her employment, then the death is compensable.

Thus we are brought to a determination as to what is required, under the law, to constitute an accidental injury so as to be compensable.

In the case of **Malone v. Industrial Commission, 140 Oh St, page 292,** the court found it necessary to restate the rule to be followed in determining the essentials of such injury, under §1465-68 GC, as amended, effective July 10, 1937. Judge Hart stated the following:

"To restate the rule under the present statute, the term 'injury' as used in the Workmen's Compensation Act, comprehends a physical or traumatic damage or harm, accidental in its origin and character in the sense of being the result of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place."

He further declared as follows:

"This court is still committed to the proposition that a compensable injury under the Workmen's Compensation Act must be accidental and traumatic in character."

The Malone case supra is authority also for the following definition of traumatic injury, for it was stated therein as follows (page 302):

"A traumatic injury is one produced by any sudden, violent attack upon the tissues or organs of a living body producing a wound, tear or abnormal condition thereon or therein."

It is our opinion that under the foregoing definition, "any injury" (the term used in §1465-68 GC) includes mental strain. We feel that this conclusion is warranted even though Judge Taft in the case of **McNees v. Cincinnati Street Railway Company, 152 Oh St, 269; 40 O. O., 318,** at **page 320** of the Ohio Opinions Report, made the following observation:

"It might be argued that the term 'any injury' might be interpreted to include the word 'strain.' However, such an argument with respect to the word 'excitement' would appear to be clearly unreasonable."

The fact that Mrs. Day voluntarily subjected herself to engaging in a heated discussion and argument in the meeting does not prevent an injurious result to herself, if sustained as a proximate result thereof, from being considered an acci-

dental injury within the meaning of the Workmen's Compensation Law, if, of course it otherwise qualifies as such in the characteristics or essential elements thereof. For it has been held that

"When, in connection with an intentional act on the part of a workman which precedes an injury to him, from an unforeseen, unexpected and unusual incident which produces the injury, or from which the injury results, it is accidental in character and result."

See Malone v. Industrial Commission supra and cases cited in 7 A. L. R., 1132-1133.

In the case of Connelly v. Hunt Furniture Co., 240 N Y., 83, 147 N. E., 366, 39 A. L. R., 867,—referred to in the Malone case by Judge Hart—Judge Cardoza said:

"The range of accidents would be reduced, indeed, to vanishing dimensions if we were to take out of the category every case in which the physical movement had been willed without adverting to the consequences."

While the decedent in this case voluntarily engaged in the heated and exciting discussion and argument at the meeting, the cerebral hemorrhage she suffered, if it was proximately caused by such experience, would not be the usual and expected result, but the unusual and unexpected result of such activities and would therefore be accidental.

We now take up the matter of whether that which Nancy Day experienced at this grievance meeting occurred in the course of and arising out of her employment with the named employer. One is in the course of his employment if he is in the performance of some required duty done directly or incidentally in the service of his employer. Management has found that the maintenance of harmonious relations, not only between employer and employee, but amongst the employees themselves, is just as essential to the successful operation of a business, as is the smooth functioning of the machinery which produces the products it manufactures and sells An employee who pursues activities, in connection with an office he holds in a local union, toward the end that such harmonious relations are sought to be either established or maintained, is, in our opinion, in the performance of duties done directly or incidentally in the service of his employer.

We conclude, therefore, that the decedent was in the course of her employment while in attendance at and participating in the meeting referred to.

Did the mental strain and excitement which the evidence shows Nancy Day experienced at this meeting arise out of her employment? They did if they were experienced through

and because of her employment. In other words, a proximate causal connection between the employment and the mental strain and excitement must be shown.

See McNees v. Cincinnati Street Railway Co. supra.

In this instance, "the employment" being the attendance at and participation in the grievance committee meeting. If by reason of the activities, conditions and requirements of such employment the decedent was subjected to a greater hazard than were members of the general public, a finding that a proximate causal connection between that employment and the results described would be warranted.

Our view of the evidence here is that the plaintiff has proved, by the degree of proof required under the law, such a proximate causal connection.

The following cases cited by the defendant do not, in this court's opinion, warrant the conclusion insisted upon, namely, a finding in its favor upon the issues here presented:

**Shea v. Youngstown Sheet & Tube Co., 139 Oh St, 407; O'Malley v. Industrial Commission, 124 Oh St, 401; Gerich v. Republic Steel, 153 Oh St, page 463.**

In the record there is ample respectable medical authority to the effect that the mental strain and excitement which Nancy Day underwent and sustained—and which we find was sustained in the course of and arising out of her employment aforesaid—proximately caused the cerebral hemorrhage and decedent's death therefrom. Even the medical expert called by the defendant did not entirely disagree with plaintiff's theory and claim that the mental strain, excitement, and anger which the decedent subjected herself to was a proximate cause of the cerebral hemorrhage. Both doctors who testified in this case—one on behalf of plaintiff and the other on behalf of the defendant—felt that Nancy Day's age—67 at time of death—was an important factor in this connection, in view of the arterio-sclerosis normally found in people of that age. This particularly in view of the fact that arterio-sclerosis is adversely affected by hyertension, which in turn is affected, at least to some extent, by excitement and strain. Cerebral hemorrhage was described as occurring when a weakened vessel breaks anywhere in the brain creating a flow of blood into that confined cavity. Of course the arterio-sclerosis was conducive to the breaking or rupturing of a blood vessel.

It is our conclusion that the plaintiff has proved by a preponderance of the evidence all of those elements which are essential to a finding in his favor, namely, that Nancy Day sustained a compensable injury as that term has been legally defined, on or about the date claimed, while in the course of

and arising out of her employment with the P. Lorillard Company, and that such injury proximately resulted in decedent's death.

Therefore we find, upon the issues joined, in favor of the plaintiff—it being undisputed that plaintiff was dependent upon decedent in her lifetime—and against the defendant, and that plaintiff is entitled to an award of the death benefits provided under the Workmen's Compensation Law.

An entry may be prepared in accordance with this opinion.